IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES ERNEST ROOD, JR.,
      Petitioner,

vs.                         Case No.: 3:16cv417/MCR/EMT

DEPARTMENT OF CORRECTIONS,
      Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Respondent's amended motion to dismiss

Petitioner's amended § 2254 petition as untimely (ECF No. 19).  Respondent

submitted relevant portions of the state court record (*see* ECF Nos. 12, 19, Exhibits).

Petitioner responded in opposition to Respondent's motion to dismiss (*see* ECF No.

29).

The case was referred to the undersigned for the issuance of all preliminary

orders and any recommendations to the district court regarding dispositive matters.

*See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

After careful consideration of all issues raised by the parties, it is the opinion of the

undersigned that no evidentiary hearing is required for the disposition of this matter,

Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the

undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

I.       RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF Nos. 12, 19).[1]  On November 16, 2010, Petitioner was charged in the Circuit Court in and for Santa Rosa County, Florida, Case No. 2010-CF-1334, with one count of burglary of an occupied dwelling (the residence of Robert Barnes) (Count I), one count of petty theft (Count II), one count of misdemeanor possession of less than 20 grams of cannabis (Count III), one count of misdemeanor possession of drug paraphernalia (Count IV), and one count of misdemeanor driving while license suspended (Count V) (Ex. A at 15–16).

On February 11, 2011, Petitioner was charged in Case No. 2011-CF-58 with one count of burglary of an unoccupied dwelling (the residence of Kristina Walters) (Count 1) and one count of grand theft (Count II) (Ex. A at 69).

Petitioner pleaded no contest to the misdemeanor charges in Case No. 2010-CF-1334 (Counts III, IV, and V), and was adjudicated guilty and sentenced to time served

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's original and amended motions to dismiss (ECF Nos. 12, 19) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

(Ex. A at 95).  On April 20, 2011, a jury found Petitioner guilty as charged on Counts

I and II of Case No. 2010-CF-1334 (*see id.* at 81, 89–90).  Petitioner pleaded no

contest to the charges in Case No. 2011-CF-58 (*see id.* at 91, 96).  On April 20, 2011,

the court sentenced Petitioner to concurrent terms of fifteen (15) years in prison on

Count I in Case No. 2010-CF-1334 and Count I in Case No. 2011-CF-158 (*id.* at

95–101).  The court sentenced Petitioner to a term of five (5) years in prison on Count

II in Case No. 2011-CF-158, to run concurrently with the sentence imposed on Count

I in that case (*id.*).  Petitioner was sentenced to time served on Count II in Case No.

2010-CF-1134 (*id.*).  Petitioner appealed the judgment to the Florida First District

Court of Appeal ("First DCA"), Case No. 1D11-3119 (*see id.* at 120).  Petitioner's

counsel filed a brief, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting

that there were no meritorious arguments to support the contention that reversible

error occurred in the trial court (Ex. B).  Petitioner filed a pro se initial brief (Ex. D).

The First DCA affirmed the judgment per curiam without written opinion on July 13,

2012, *see* <u>Rood v. State</u>, 95 So. 3d 219 (Fla. 1st DCA 2012) (Table), and denied

Petitioner's motion for rehearing on August 20, 2012 (Exs. E, F, G).  The mandate

issued September 5, 2012 (Ex. H).[2]

---

[2] During the pendency of the direct appeal, Petitioner filed a motion for mitigation or reduction of sentence in the trial court (Ex. A at 115).  The court struck the motion on May 16, 2011

On November 19, 2012, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D12-5616, alleging ineffective assistance of appellate counsel (Ex. I).  The First DCA denied the petition on the merits on December 21, 2012 (Ex. J).  The court denied Petitioner's motion for rehearing on February 6, 2013 (Exs. K, L).  Rood v. State, 106 So. 3d 3 (Fla. 1st DCA 2012) (Mem).  On February 20, 2013, Petitioner filed a petition for writ of mandamus in the Florida Supreme Court, Case No. SC13-481, requesting that the court require the First DCA to supplement the record (Exs. Q, R).  The Florida Supreme Court denied the petition on May 9, 2013 (Ex. S).  Rood v. State, 116 So. 3d 1262 (Fla. 2013) (Table).

On July 29, 2013, Petitioner filed a motion to correct illegal sentence in Case No. 2011-CF-58 (see ECF No. 29, attached Order Dismissing Motion to Correct Sentence).  The state circuit court dismissed the motion on September 4, 2013 (see id.).

On October 17, 2013, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. M at 4–19).  On November 6, 2013, the state circuit court dismissed the motion, without prejudice, because it failed to contain a proper oath as required by Rule

---

(id. at 117–18).  That motion is irrelevant to the timeliness calculation.

3.850(c), and it failed to comply with the certification requirement of Rule 3.850(n)(2) (*id.* at 49–50). The court provided Petitioner sixty (60) days to file an amended motion (*id.*). Petitioner filed an amended motion on December 31, 2013 (*id.* at 53–61). On March 17, 2014, the circuit court dismissed the amended motion, without prejudice, because it again failed to contain a proper oath and did not conform to the content requirements of Rule 3.850(c) (*id.* at 77–79). The court provided Petitioner another sixty (60) days to file an amended motion (*id.*). At Petitioner's request, the court extended the deadline to September 11, 2014 (*id.* at 93–95). Petitioner filed a third motion on October 28, 2014 (*id.* at 101–19). The circuit court dismissed the motion with prejudice because it did not contain a proper oath, and it was untimely (*id.* at 148–49). Petitioner attempted to appeal the decision by filing a petition for writ of habeas corpus in the Florida Supreme Court, Case No. SC15-261 (Ex. N). The state supreme court treated the petition as a notice of appeal from the circuit court's order on the Rule 3.850 motion, and transferred the pleading to the First DCA (*id.*). The First DCA assigned Case No. 1D15-0983 (*see* Ex. O). On July 13, 2015, the First DCA affirmed the lower court's decision per curiam without written opinion (Ex. P). Rood v. State, 169 So. 3d 1168 (Fla. 1st DCA 2015) (Table). The mandate issued August 10, 2015 (*id.*).

On October 27, 2015, Petitioner filed another Rule 3.850 motion in the state circuit court (Supplemental Ex. A at 5-17). The court dismissed the motion as untimely in an ordered rendered December 3, 2015 (*id.* at 18–20). Petitioner appealed the decision to the First DCA, Case No. 1D16-0350 (*id.* at 36). The First DCA affirmed the decision per curiam without written opinion on April 27, 2016 (Supplemental Ex. B). Rood v. State, 192 So. 3d 476 (Fla. 1st DCA 2016) (Table). The mandate issued July 1, 2016 (Supplemental Ex. E).

Petitioner filed this federal habeas case on August 19, 2016 (ECF No. 1). He asserts the following three claims:

> Ground One: "Denial of Effective Assistance of Counsel – Conflict of Interest, U.S. Constitution Amendment VI, XIV."

> Ground Two: "Incomplete Record, U.S. Constitution Amendment XIV."

> Ground Three: "Erroneous Jury Instruction, U.S. Constitution Amendment VI, XIV."

(ECF No. 11 at 5, 9, 10).

## II.    ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A.    Appropriate Statutory Trigger

Respondent argues the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 19 at 6).  Respondent asserts the federal "habeas clock" began to run on November 19, 2012, which is 90 days after the First DCA denied Petitioner's motion for rehearing following its affirmance of the criminal judgment on direct appeal (*id.*).

The court will first calculate the federal filing deadline using the "finality date" trigger, and then determine whether Petitioner has demonstrated that a different trigger

applies. The judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* <u>Chavers v. Sec'y, Fla. Dep't of Corr.</u>, 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Calculating the finality date in Petitioner's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's denial of Petitioner's motion for rehearing, on August 20, 2012, and it expired 90 days later, on November 18, 2012. The federal statute of limitations began to run the next day, on November 19, 2012. Petitioner had one year from that date, or until November 19, 2013, to file his § 2254 petition. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date

it began to run) (citing <u>Ferreira v. Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).[3]

Petitioner argues that the statutory trigger set forth in § 2244(d)(1)(B) applies (*see* ECF Nos. 17, 29). Petitioner alleges the State (i.e., the State Attorney's Office and/or the trial court) prevented him from developing the factual basis of Grounds One and Two of his amended § 2254 petition by failing to produce a transcript or recording of pre-trial hearings held February 14, 2011 and February 23, 2011 (*id.*). In Ground One, Petitioner claims he was denied effective assistance of trial counsel due to a conflict of interest (ECF No. 11 at 5, 7). Petitioner alleges the Public Defender's office ("PD") had a conflict of interest representing him, because the PD's office represented him in a criminal case in another county, Escambia County Circuit Court Case No. 2007-CF-6316 ("Escambia County Case"), and provided ineffective assistance by failing to file a direct appeal of the judgment rendered in that case on November 7, 2008 (ECF No. 17 at 2; ECF No. 11 at 7; ECF No. 30 at 1–2). Petitioner states the alleged conflict came to light on February 14, 2011, during a proceeding in Santa Rosa Case No. 2010-CF-1334 (*id.*; *see also* ECF No. 12, Ex. A at 70).

---

[3] As previously noted, prior to the "finality date" of the judgment Petitioner filed a motion for mitigation or reduction of sentence in the trial court (Ex. A at 115). The court struck the motion on May 16, 2011 (*id.* at 117–18). Because the motion reached final disposition prior to November 18, 2012, the "finality date" of the judgment, it does not affect the calculation of the federal limitations period.

Petitioner alleges on that date, PD Harris appeared as co-counsel with PD Graham to empanel a jury (ECF No. 17 at 2). Petitioner alleges PD Harris discovered she had provided ineffective assistance to Petitioner in the Escambia County Case by failing to file a notice of appeal, and Harris disclosed this potential conflict of interest at the February 14, 2011 proceeding in Santa Rosa Case No. 2010-CF-1334 (*id.*). Petitioner alleges the prosecutor and defense counsel then met with the trial judge in chambers to discuss the alleged conflict, but Petitioner was not included in the meeting (the clerk of court's minutes state that Petitioner was not physically present in court, but made a video appearance from the jail (*see* ECF No. 12, Ex. A at 70)) (*id.*). Petitioner alleges the next day, the prosecutor set the case (Case No. 2010-CF-1334) for a status conference on February 23, 2011 (*see* ECF No. 17 at 2; ECF No. 12, Ex. A at 72). Petitioner alleges PD Graham appeared on his behalf at the February 23 hearing, and the trial court determined that the PD's office did not have a conflict in representing Petitioner (the clerk of court's minutes indicate that petitioner was physically present at this hearing) (*see* ECF No. 17 at 2; ECF No. 12, Ex. A at 74). Petitioner contends the trial court's permitting the PD's office to continue to represent him in Santa Rosa Case Nos. 2010-CF-1334 and 2011-CF-58, when the PD acknowledged it provided ineffective assistance in the Escambia County Case, violated his Sixth Amendment

right to conflict-free counsel, and the constitutional violation infected the entire trial proceedings (*see* ECF No. 11 at 7; ECF No. 30 at 1–2).[4]

In Ground Two of Petitioner's amended § 2254 petition, he contends the State's failure to a provide transcript or recording of the proceedings held February 14, 2011 and February 23, 2011, prevented him from "perfecting" his post-conviction claim of ineffective assistance of trial counsel ("IATC") based upon counsel's alleged conflict of interest (*see* ECF No. 11 at 9). Petitioner alleges he has made diligent efforts to obtain transcripts or recordings of the proceedings on February 14, 2011 and February 23, 2011, but the State (i.e., the trial court and/or the State Attorney's Office) has not provided them (*see* ECF No. 11 at 7, 9; ECF No. 17 at 2–4). Petitioner contends the State's failure to provide this evidentiary material impeded him from presenting facts to support his IATC-conflict-of-interest claim in both his state Rule 3.850 motion and this § 2254 case; therefore, he is entitled to the later statutory trigger for the federal limitations period.

---

[4] The public docket of the Escambia County Circuit Court, Case No. 2007-CF-6316, indicates that PD Harris represented Petitioner in the trial court. Petitioner entered a no contest plea on November 7, 2008, and was sentenced to 22 months in prison. On March 9, 2011, PD Harris filed a petition for belated appeal on Petitioner's behalf in the First DCA, Case No. 1D11-1298, seeking to appeal the 2008 judgment. The First DCA granted the petition on July 22, 2011. The PD's Office represented Petitioner in the belated direct appeal, Case No. 1D11-4552. The First DCA affirmed the judgment in the Escambia County Case on June 12, 2012.

In order to take advantage of § 2244(d)(1)(B), Petitioner must show that (1) there was governmental action, (2) in violation of the Constitution or laws of the United States, (3) which prevented him from filing his § 2254 petition, and (4) which action has been removed.  *See* Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000).[5]  The mere inability of a prisoner to access certain legal materials is not, in itself, an unconstitutional impediment.  *See* Akins, 204 F.3d at 1090.  To show an impediment which would trigger the later commencement date for the one-year limitations period, Petitioner must demonstrate both actual harm or injury, that is, that he was actually prevented from exercising his right of access to courts to attack his convictions, and that the impediment was unconstitutional because it was not "reasonably related to legitimate penological interests."  *Id.* (quoting Lewis v. Casey, 518 U.S. 343, 361, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)) (other citations omitted).

Petitioner has not demonstrated that governmental action actually prevented him from exercising his right of access to the courts to present his IATC-conflict-of-interest claim.  The absence of transcripts or recordings of the pre-trial proceedings

---

[5] Akins involved the one-year time limit for filing a 28 U.S.C. § 2255 motion, which similarly provides for later possible commencement dates.  *See* § 2255(f)(2) (commencing the time from the date a government-created unconstitutional impediment to filing is removed, if the movant was prevented from making a motion by such governmental action).

on February 14, 2011 and February 23, 2011 did not prevent Petitioner from asserting the IATC-conflict-of-interest claim in his § 2254 petition. Indeed, Petitioner presented a sufficient IATC-conflict-of-interest claim in his initial and amended § 2254 petitions without those evidentiary materials (*see* ECF No. 1 at 5–6; ECF No. 11 at 5, 7, 9).

Additionally, contrary to Petitioner's assertion in Ground Two, that the absence of transcripts or recordings prevented him from "perfecting" his state post-conviction IATC-conflict-of-interest claim, the absence of transcripts or recordings did not prevent Petitioner from exhausting his IATC-conflict-of-interest claim in the state court. The record demonstrates that Petitioner presented the IATC-conflict-of-interest claim in his initial and amended Rule 3.850 motions (*see* Ex. M at 8–11, 29–41, 51–72, 104–08, 122–31). Petitioner did not receive a merits review of the claim, but the reason he did not was not his failure to provide evidentiary support for the claim (e.g., transcripts or recordings of the trial court proceedings on February 14 and 23, 2011). Instead, the court dismissed the initial motion because it failed to comply with the oath and certification requirement of Rule 3.850(c), (n)(2) (*see* Ex. M at 49–50). The court dismissed the second motion because it, too, failed to contain a proper oath (*id.* 77–79). The court dismissed the third motion because it still failed to comply with

the oath requirement, and it was untimely (*id.* at 148–49). The First DCA affirmed the lower court's dismissal (Exs. N, O, P). The record thus refutes Petitioner's contention that the absence of transcripts or recordings of the pre-trial proceedings prevented him from presenting his IATC-conflict-of-interest claim.

Petitioner failed to show that unconstitutional state action prevented him from filing a timely § 2254 petition. Therefore, he failed to demonstrate that § 2244(d)(1)(B) is the appropriate trigger for the federal limitations period.

Because Petitioner has not demonstrated that any of the circumstances enumerated in § 2244(d)(1)(B)–(D) apply in this case, the court must apply the "finality date" trigger of § 2244(d)(1)(A). As previously discussed, applying that trigger results in a deadline of November 19, 2013, for Petitioner to file a timely § 2254 petition. Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless he demonstrates that tolling principles apply and render it timely.

B.   Tolling

1.   Statutory tolling

The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal

limitations period.  *See* 28 U.S.C. § 2244(d)(2).  Here, Petitioner's federal statute of

limitations commenced on November 19, 2012, but Petitioner filed tolling motion on

that date, i.e., his habeas petition alleging ineffective assistance of appellate counsel.

That application was pending until February 6, 2013, when the First DCA denied

Petitioner's motion for rehearing.  The federal statute of limitations recommenced the

next day, on February 7, 2013.[6]

---

[6] Petitioner's petition for writ of mandamus filed in Florida Supreme Court on February 20, 2013 does not qualify as a tolling motion.  Petitioner's mandamus petition sought only an order from the Florida Supreme Court requiring the First DCA to supplement the record in the IAAC proceeding, First DCA Case No. 1D12-5616.  The mandamus petition did not seek judicial reexamination of a judgment, sentence, or claim.  *See, e.g.,* Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015) (holding that petition for belated appeal of order dismissing motion for post-conviction relief is not a tolling application); Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1337 (11th Cir. 2008) (holding that a post-conviction motion for DNA testing was not a tolling application); *see also, e.g.,* Thomas v. Tucker, No. 4:10cv276/RH/WCS, 2011 WL 7052582, at *2 (N.D. Fla. Dec. 7, 2011) (unpublished) (holding that petitioner's petitions for extraordinary relief seeking to compel defense counsel to provide him a copy of the record on appeal were not tolling motions under § 2244(d)(2), because they only sought discovery), *Report and Recommendation Adopted by* 2012 WL 136009 (N.D. Fla. Jan. 18, 2012) (unpublished).  *Cf.* Wall v. Kholi, 562 U.S. 545, 553, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011) (holding that a post-conviction motion to reduce sentence tolled the federal limitations period because it sought judicial reexamination of a judgment or claim outside of the direct review process, and distinguishing the motion from a motion for post-conviction discovery or a motion for appointment of counsel, neither of which is a direct request for judicial review of a judgment and does not provide a state court with authority to order relief from a judgment); Rogers v. Sec'y, Dep't of Corr., 855 F.3d 1274, 1277–78 (11th Cir. 2017) (holding that a motion for reduction or modification of sentence tolls the federal limitations period because it sought judicial reexamination of a sentence); Westmoreland v. Warden, 817 F.3d 751, 754 (11th Cir. 2016) (holding that a petitioner's extraordinary motion for new trial tolled the limitations period).

The limitations period ran for **172 days**, until July 29, 2013, when Petitioner filed a motion for reduction of sentence. The motion was pending until October 4, 2013, when the 30-day period to appeal the trial court's denial of the motion expired. The federal statute of limitations recommenced the next day, on October 5, 2013.

The limitations period ran for **11 days**, until October 17, 2013, when Petitioner filed his first Rule 3.850 motion. The Rule 3.850 motion (including the amended motions) were pending until August 10, 2015, upon issuance of the First DCA's mandate affirming the lower court's final decision. The statute of limitations recommenced on August 11, 2015, and expired **182 days** later, on February 8, 2016.[7] Petitioner did not file his § 2254 petition until more than six months later, on August 19, 2016.

### 2. Equitable tolling

Petitioner contends he is entitled to equitable tolling due to the same circumstance he characterizes as a State-created impediment, i.e., the State's failure

---

[7] Petitioner's Rule 3.850 motion filed on October 27, 2015, was not "properly filed" for purposes of § 2244(d)(2), because it was dismissed as untimely. *See* Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1316 (11th Cir. 2006) (holding that application for post-conviction relief that is untimely under state law is not "properly filed" for purposes of tolling the AEDPA's limitations period).

to provide transcripts or recordings of the pre-trial proceedings held February 14, 2011 and February 23, 2011 (*see* ECF Nos. 17, 29).

"Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks and citation omitted), *petition for cert. filed* (U.S. July 25, 2017) (No. 17-6146). Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the case. Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying that the exercise of a court's equity powers must be made on a case-by-case basis). A petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be

specific and not conclusory. Hutchinson, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653; *see also* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts"). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. Cole, 768 F.3d at 1158 (quotation marks and citation omitted).

As previously discussed, Petitioner has not shown that the absence of transcripts or recordings of the pre-trial proceedings prevented him from filing his § 2254 petition prior to February 8, 2016, the date the one-year federal deadline expired. At the filing stage, a federal habeas petitioner must simply present, not prove, his claims. Petitioner was aware of the factual and legal bases for his federal habeas claims prior to the finality date of his conviction, and well prior to expiration of the federal filing deadline. The absence of transcripts or recordings did not prevent him

from timely filing. Therefore, Petitioner failed to demonstrate he is entitled to equitable tolling.

## III. CONCLUSION

Petitioner did not file his § 2254 within the one-year statute of limitations. Therefore, Respondent's motion to dismiss should be granted, and the petition dismissed as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

1.      That Petitioner's motion to compel (ECF No. 22) is **DENIED as moot** (*see* ECF No. 27).

And it is respectfully **RECOMMENDED**:

1.      That Respondent's amended motion to dismiss (ECF No. 19) be **GRANTED**.

2.      That the amended habeas petition (ECF No. 11) be **DISMISSED with prejudice** as untimely.

3.     That Petitioner's motion for summary judgment (ECF No. 30) be

**DENIED**.

4.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of November 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**